WARNER, J.,
dissenting.
The question involved in this case, was supposed to have been definitely settled by the judgment of a majority of this Court, in Brian v. Banks, 38th Georgia Reports, 300. In that case, the precise question was made in regard to the validity of the Act of the 14th of December, 1861, suspending the running of the statute of limitations, as is now made in this case. In that case, as it appears from the reported statement of the facts, the presiding Judge in the Court below ruled that the statute of limitations was suspended from the 14th of December, 1861, until the 1st of June, 1865, and that that time was not to be computed against the plaintiff, and that the Act of the 14th of December, 1861, to suspend the statute of limitations, was of force till the end of the war. This decision of the Circuit Judge in that case, was assigned for error in this Court. The following extract from the .reported opinion of this Court in regard to that question, is not the mere obiter dictum of the Judge who wrote out that opinion, but it is the deliberate judgment of the majority of this Court, reduced to writing before it was announced from the Bench, and agreed to as the solemn judgment of the Court in that case: “It is the judgment of a majority of this Court, that inasmuch as the Statute of 1860, suspended the running of the statute of limitations for one year, and the *Act of 1861 suspended the running of the statute during the war, and the Ordinance of the Convention on-the first day of November, 1865, having declared the statute of limitations to be and to have been suspended from the 19th of January, 1861, and that, inasmuch as the 3d paragraph of the 11th Article of the Constitution of 1868 declares of force all Acts passed by any legislative body sitting in this State as such since the 19th day of January, 1861, (including Irwin’s Code,) and inasmuch as the 5th paragraph of the 11th Article of the Constitution of 1868 declares that ‘all rights, privileges and immunities, which may have vested in, or accrued to any person or persons or corporation, in his, her or their own right, or in any fiduciary capacity, under any Act of any legislative body sitting in this State as such since the 19th day of January, 1861, shall be held inviolate by all the Courts of this State, *240 unless attacked for fraud, or unless otherwise declared invalid by this Constitution;’ that the plaintiffs’ right to recover upon the notes sued on is not barred by the statute of limitations; that the Act of 1861, as well as the Ordinance of 1865, suspending the running of the statute, are recognized and made valid by the express provisions of the Constitution of 1868, that all rights, privileges and immunities, which may have vested in, or accrued to any person 'in his, her or their own right, as specified in the 5th paragraph of the 11th Article of the Constitution of 1868, includes the rights of the plaintiff as well as the rights of the defendant, whatever the same may be, and not the rights of the defendant exclusively.” Such was the deliberate judgment of a majority of this Court in regard to the suspension of the statute of limitations by the Act of 14th December, 1861, and published to the world in the authorized report of its decisions. There it stands in the 38th volume of Georgia Reports, page 300, in the case of Brian v. Banks, to speak for itself. But the majority of the Court now hold in this case, as I understand their ruling, that although the account sued on was not barred at the time of the passage of the Act of the 14th of Decembei', 1861, that Act did not suspend the running of the stat- . ute, because it was enacted by an *illegal Legislature; that the statute of limitations having commenced to run against the account, it continued to run, notwithstanding the Act of 1861, which declared the running of the statute should be suspended. The question in the case is, whether the Act of 1861 suspended the running of the statute; if it did, then the defendant acquired no vested rights as claimed by the majority of the Court at the time of the adoption of the Ordinance of 1865, suspending the running of the statute. If the Act of 1861 did not have effect as a law, enacted “by a legislative body sitting in this State as such,” to suspend the running of the statute, either in accordance with the general principles of an enlightened jurisprudence, applicable to the state of facts existing at the time of its passage, or in accordance with the express .provisions of the Constitution of 1868, ratifying and confirming it, then it is conceded that the statute had run more than four years prior to the adoption of the Ordinance of 1865. Did thé Act of the 14th of December, 1861, suspending the running of the statute of limitations, have effect as a law operative and binding upon the people of this State? I maintain that it did, as well upon the general principles of public law applicable to the then existing state of facts, as by the express ratification thereof by the Constitution of 1868.
Although, the Legislature of 1861 may have been an illegal Legislature as against the Government of the United States, still, the Acts passed by it, regulating the remedies on contracts between the. citizens of the State, and other Acts of like character, not passed in aid of the rebellion, were valid *241 laws, and binding on the people of the State, the more especially, when expressly recognized and ratified by the Constitution of 1868. The true intent and meaning of the Constitution of 1868, in ratifying and confirming the several Acts of the Legislature passed during the war, which were not in aid of the rebellion, was to restore peace and quiet in the State and to prevent injustice. When parties had regulated their contract, or the management of their private affairs, in obedience to the then existing laws of the State. In the case of Texas v. White, 7th Wallace’s Reports, 700, the validity *of an Act passed by the Legislature of the State of Texas during the war,'came before the Supreme Court of the United States for adjudication. In delivering the judgment of the Court in that case, Chief Justice Chase said: “It is not necessary to attempt any exact definitions within which the Acts of such a State Government must be treated as valid or invalid. It may be said, perhaps, with sufficient accuracy, that Acts necessary to peace and .good order among citizens, such for example, as Acts sanctioning and protecting marriage and the domestic 'relations, governing the course of descents, regulating the conveyance and transfer of property, real and personal, and providing remedies for injuries to person and estate, and other similar Acts which would be valid if emanating from a lawful government, must be regarded- in general as valid, when proceeding from an actual though unlawful government; and that Acts in furtherance or support of rebellion against the United States, or intended to defeat the just rights of citizens, and other Acts of like nature, must in. general be regarded as invalid and void.” According to the principles of public law, recognized and decided by the Supreme Court of the United States, in Texas v. White, that Court would have held and decided, that the Act of the 14th of December, 1861, suspending the running of the statute of limitations, as between the citizens of this State, was a valid law, independent of its confirmation and ratification by the Constitution of 1868. That Act merely regulated the remedy on contracts between the citizens of this State. If this Act of 1861, merely regulating the remedy on contracts between the citizens of this State, is void and could not be confirmed and ratified by the Constitution of 1868, then all Acts of the Legislature, passed during the war, authorizing the investment of trust funds in Confederate securities, and for the relief of executors, . administrators, and guardians, -and all other Acts of like character, are void, and such is the inevitable logical result of the ruling of the majority of the Court in this case; for their judgment is based on the assumption that the Act of 1861 did not suspend the running of the statute of limitations, because that Act is void, ^having been enacted by an illegal Legislature, and *242 therefore, the statute continued to run in favor of !the defendant against the plaintiff, notwithstanding that Act, until the adoption of the Ordinance of 1865, and inasmuch as more than four years had elapsed before the adoption of the Ordinance of 1865, the plaintiff’s right of action was barred, and that the defendant acquired a vested right which the Constitution of 1868 could not defeat by ratifying and confirming that assumed illegal Act of 1861. The fatal error in the case is, in my judgment, that the majority of the Court erroneously assume that the Act of 1861, suspending the running of the statute is void, and that the defendant acquired a vested right under the law to be protected, notwithstanding the express provisions of the Constitution of 1868, ratifying and confirming all Acts passed by any legislative body sitting in this State as such, since the 19th day of January, 1861, not in aid of the rebellion.
I am of the opinion that the judgment of the Court below should be affirmed.